FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Oct 3, 2017

OFFICE OF THE CLERK

David A. Chami, Esq. (SBN:027585)
Price Law Group, APC
1204 E Baseline Rd., Suite 102
Tempe, AZ 85283
T: (866) 881-2133
F: (866) 401-1457
david@pricelawgroup.com
Attorney for Plaintiff
Donald Barton

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DONALD BARTON,

    Plaintiff,

vs.

NATIONSTAR MORTGAGE LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and METLIFE HOME LOANS LLC,

    Defendants.

Case No.:  17-3087 TLB

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. **FDCPA, 15 U.S.C. § 1692**
2. **Arkansas Fair Debt Collection Practices Act, Ark. Code. Ann. §§ 17-24-501 through 17-24-512**
3. **FCRA, 15 USC § 1681 et. seq.**

**(Unlawful Debt Collection Practices)**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Donald Barton (Plaintiff), through his attorneys, alleges the following against Defendants Nationstar Mortgage LLC ("Nationstar"), Experian Information Solutions, Inc. ("Experian"), and MetLife Home Loans LLC ("MetLife"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. Count II of this Complaint is based on the Arkansas Fair Debt Collection Practice Act, Ark. Code. Ann. § 17-24-501 to 17-24-512. Both of

which prohibit debt collectors from engaging in abusive debt collection practices against consumers. Count III of Plaintiff's Complaint is based on the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et. seq., against Defendants and their agents for their unlawful reporting of inaccurate information on Plaintiff's credit report.

## JURISDICTION AND VENUE

1. Jurisdiction of the court arises under 28 U.S.C. § 1331.

2. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

3. Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

4. Plaintiff is a natural person residing in Holiday Island, Carroll County, Arkansas.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Defendant Nationstar is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. Defendant, Nationstar Mortgage LLC, is a creditor engaged in business of debt collection with its principal place of business located in Coppell, Texas. Defendant can be served with process through Corporation Service Company at 300 Spring Building, Suite 900, 300 S Spring Street, Little Rock, AR 72201.

8. Defendant, Experian, is an Ohio corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California, 92626. Experian can be served at its agent, The Corporation Company, whose mailing address is 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201. At all relevant times

herein, Experian, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

9. Defendant, MetLife Home Loans LLC, is creditor in the business of collecting debts. Its principal place of business located in Irving, TX. MetLife can be served with process through The Corporation Company, 124 West Capitol Ave., Suite 1900, Little Rock, AR 72201.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant, Nationstar, is attempting to collect a debt from Plaintiff.

12. On or about October 31, 2011, Plaintiff filed for Chapter 7 bankruptcy in the state of Arkansas.

13. Included in Plaintiff's bankruptcy was his mortgage that was being serviced by Metlife. The total of the discharged mortgage debt was $168,072.89.

14. Metlife Home Loans was included in the list of recipients that was submitted to the Bankruptcy Noticing Center ("BNC").

15. At the time the Bankruptcy was filed, but before it was discharged, Metlife began reporting Plaintiff late on his Experian credit report.

16. Experian reported Plaintiff's MetLife as late for the months of November 2011, December 2011, January 2012, and February 2012.

17. Between the time that the Bankruptcy was filed and the time the Bankruptcy was discharged, Plaintiff's credit report should not have been reporting the account as late.

18. On or about February 14, 2012, Plaintiff's Chapter 7 bankruptcy was discharged.

19. At the time the bankruptcy was discharged, Experian began properly reporting the bankruptcy as discharged and referenced the bankruptcy case number.

20. Shortly after the discharg, Experian began reporting the Metlife account inaccurately as a Charged-Off account, and removed the bankruptcy notation.

21. The account was reporting as charged-off every month between the months of March 2012 and April 2013 despite the debt having been discharged in his bankruptcy.

22. Metlife sent Plaintiff a letter dated March 29, 2013 that explained to Plaintiff that his home loan was being transferred to Nationstar Mortgage LLC effective April 16, 2013.

23. The next month, May of 2013, Experian began reporting the Metlife account as "transferred to another lender or claim purchased."

24. That language is misleading as it seems to imply that the loan is still due and owing.

25. The account should have been reporting as "included in bankruptcy".

26. Nationstar then sent Plaintiff a letter dated April 26, 2013, the letter confirmed that Nationstar would be the new loan servicer, the letter also showed a principal balance on the loan of $168,072.89. That was the balance on the loan when it was discharged in Plaintiff's bankruptcy.

27. The letter further stated that Plaintiff's first payment would be in the amount of $24,127.41 and would be due on April 1, 2013, two weeks before Nationstar even began servicing the loan.

28. In response to the April 26, 2013 letter, Plaintiff mailed Nationstar a letter dated May 15, 2013. That letter explained that the mortgage was discharged in his bankruptcy and also attached bankruptcy documents showing the discharge and that Metlife was notified.

29. Despite the attempt to resolve the confusion revolving around Plaintiff's discharged home loan, Nationstar continued to send Plaintiff monthly billing statements with increasing past-due amounts each month.

30. Plaintiff began receiving monthly statements from Nationstar in July of 2013.

31. On April 22, 2014, Plaintiff's property (3115 La Macha Way, Henderson, NV 89014) was foreclosed upon and sold at auction. The transaction was recorded on May 1, 2014.

32. Nationstar was a party to the foreclosure action brought about by La Mancha Homeowners Association, Inc.

33. Nationstar was aware of the foreclosure action on Plaintiff's property.

34. Nationstar continued to send Plaintiff statements in the mail regarding the property that Plaintiff no longer owned or owed money on.

35. Each monthly statement sent to Plaintiff by Defendant, even statements sent AFTER Plaintiff no longer had any right or claim to the property, increased the past due amount by $1,263.89, the alleged monthly payment total, plus varying late fees each month.

36. Defendant has continued to send Plaintiff monthly past-due statements, and as of May 2017, Nationstar claims that Plaintiff has an outstanding amount due of $96,678.85.

37. As a result of Defendant, Nationstar's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

38. Plaintiff is 78 years old and retired. He has been living with a disease called myasthenia gravis since 2003. The stress induced by Nationstar's conduct has caused this disease's effects to amplify.

39. Plaintiff became so stressed out about the mortgage statements that his wife had to begin hiding them from him.

40. Nationstar's conduct induced stress, anxiety, and embarrassment.

41. On July 18, 2017, Plaintiff's counsel sent a draft complaint which included the disputed information directly to Experian explaining in detail the inaccurate reporting.

42. Upon information and belief, Experian sent an automated dispute verification form (ACDV) to MetLife who proceeded to verify the account was being reported accurately.

43. Despite MetLife's assertion, Experian deleted the information.

44. The credit reports prepared by Equifax Information Services, Inc. and TransUnion LLC were both reporting the Metlife account correctly as "included in bankruptcy" and did not report late payments on Plaintiff's credit report after the date of his bankruptcy filing.

45. The incorrect reporting by Experian and MetLife caused Plaintiff's credit to be damaged.

46. The inaccurate reporting of Plaintiff's discharged home loan on Plaintiff's credit report has caused Plaintiff emotional distress and mental anguish.

## COUNT I

**Violations of the Fair Debt Collection Practices Act,**

**FDCPA 15 U.S.C. § 1692 Against Defendant Nationstar**

47. Plaintiff incorporates herein by reference all of the above paragraphs of this Compliant as though fully set forth herein at length.

48. Defendant, Nationstar Mortgage LLC, violated the FDCPA. Defendant's violations include, but are not limited to the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; and

    b. Defendant violated §1692f(1), which prohibits debt collectors from collecting on any amount unless that amount is expressly authorized by the agreement creating the debt; and

    c. Defendant violated §1692e(2)(A), which prohibits the false representation of the character, amount, or legal status of any debt.

49. Defendant Nationstar's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

50. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages and statutory damages, and attorneys' fees and costs.

## COUNT II

**Violations of the Arkansas Fair Debt Collection Practices Act,**

**Arkansas Code Annotated §§ 17-24-501 through 17-24-512 Against**

**Defendant Nationstar**

51. Plaintiff incorporates herein by reference all of the above paragraphs of this Compliant as though fully set forth herein at length.

52. Defendant, Nationstar Mortgage LLC, violated the AFDCPA. Defendant's violations include, but are not limited to the following:

    a. Defendant violated §17-24-505(a) of the AFDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; and

   b. Defendant violated §17-24-506(a), which prohibits debt collectors from using false, deceptive, or misleading representations in connection with the collection of a debt; and

   c. Defendant violated §17-24-507(a), which prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt.

53. Defendant Nationstar's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

54. As a result of the foregoing violations of the AFDCPA, Defendant is liable to Plaintiff for actual damages and statutory damages, and attorneys' fees and costs

## COUNT III

### Violations of the FCRA, 15 U.S.C. § 1681 *et. Seq.* Against Defendants MetLife and Experian

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The FCRA requires a furnisher such as MetLife, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all

other credit reporting agencies to which the furnisher has provided the inaccurate information.

57. MetLife has provided inaccurate information to the credit reporting agencies.

58. Defendant MetLife violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(a), (b):

   a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiffs disputed;

   b. Willfully and negligently failing to review all relevant information concerning Plaintiffs mortgage;

   c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiffs;

   e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning both Plaintiffs to the credit reporting agencies; and

   f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(a), (b).

59. Defendant MetLife's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that

are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

60. Experian, failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b).

61. As a result of the above-described violations of § 1681e(b), Plaintiff has sustained damages.

62. The Defendant credit-reporting agency's violations of the FCRA was willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Donald Barton respectfully requests judgment be entered against Defendants for the following:

    A. Declaratory judgment that Defendant violated the FDCPA;

    B. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    C. Actual damages pursuant to Ark. Code. Ann § 17-24-512(a)(1);

    D. Statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A);

    E. Statutory damages of $1,000.00 pursuant to Ark. Code. Ann § 17-24-512(a)(2)(A);

    F. Attorney's fees pursuant to Ark. Code. Ann § 17-24-512(a)(3)(A);

    G. Attorney's fees pursuant to 15 U.S.C. 1692k(a)(3);

H. Actual damages pursuant to 15 U.S.C. § 1681n(a);

I. Statutory damages pursuant to 15 U.S.C. § 1681n(a);

J. Punitive Damages pursuant to 15 U.S.C. § 1681n(a)(2);

K. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n(c) and 1681o(b);

L. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

M. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,
Dated: October 3, 2017

By:/s/ David A. Chami
David A. Chami, Esq.
1204 E Baseline Rd., Suite 102
Tempe, AZ 85283
T: (818) 205-2466
david@pricelawgroup.com
Attorneys for Plaintiff
Donald Barton